**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bahig Saliba,<br>Plaintiff,<br>v.<br>United States Occupational Safety & Health Administration,<br>Defendant. | No. CV-25-03240-PHX-SHD<br>**ORDER** |

On January 22, 2026, Defendant United States Occupational Safety & Health Administration ("OSHA") moved to dismiss Plaintiff Bahig Saliba's Complaint, (Doc. 1), for lack of subject matter jurisdiction. (Doc. 25.) Saliba responded, and OSHA replied. (Docs. 26, 27.) For the reasons below, the motion to dismiss will be **granted**.[1]

## I. BACKGROUND

Saliba is a former American Airlines pilot who was terminated from his employment on December 11, 2024.[2] (Doc. 1 at ¶¶ 2–4.) Five days later, Saliba filed a complaint with OSHA, alleging that American Airlines terminated him in retaliation for raising safety concerns about the Johnson & Johnson COVID-19 vaccine, in violation of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR-21"). (*See id.* at ¶¶ 4–5.)

---

[1] I find this matter suitable for decision without oral argument. *See* LRCiv 7.2(f).

[2] Because OSHA raises a factual attack on jurisdiction, these facts are drawn from both Saliba's Complaint and the evidence submitted in briefing. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

AIR-21 protects employees of air carriers from retaliation for engaging in protected safety-related activity. *See* 49 U.S.C. § 42121; 29 C.F.R. § 1979.100. To pursue a claim, an aggrieved employee must first file a complaint with the Secretary of Labor through OSHA. 49 U.S.C. § 42121(b)(1); 29 C.F.R. § 1979.103. When a complaint is filed, OSHA must "notify, in writing, the person named in the complaint . . . of the allegations contained in the complaint." 49 U.S.C. § 42121(b)(1); 29 C.F.R. § 1979.104(a). OSHA then investigates the complaint and determines "whether there is reasonable cause to believe the complaint has merit." 49 U.S.C. § 42121(b)(2)(A); 29 C.F.R. § 1979.105(a). A complainant dissatisfied with OSHA's determination may file objections and request a hearing before an Administrative Law Judge ("ALJ") in the Department of Labor's Office of Administrative Law Judges ("OALJ"). 49 U.S.C. § 42121(b)(2)(A); 29 C.F.R. §§ 1979.106–109. The ALJ issues a decision after conducting a de novo hearing, at which the parties may take discovery and present evidence. 29 C.F.R. § 1979.107(b). A party may appeal the ALJ's decision to the Administrative Review Board ("Review Board"), whose decision is reviewable exclusively by the "Court of Appeals for the circuit in which the alleged violation . . . occurred." 49 U.S.C. § 42121(b)(4)(A); 29 C.F.R. § 1979.110.

Consistent with this scheme, on December 30, 2024, OSHA notified American Airlines of Saliba's complaint and provided a summary of his allegations. (Doc. 1 at ¶ 5.) On August 1, 2025, OSHA determined that there was no reasonable cause to believe Saliba's complaint had merit. (*Id.* at ¶ 9; Doc. 25-1 at 2–3.) Saliba objected to OSHA's determination before the OALJ. (Doc. 25-2 at 2.) Before his case was assigned to an ALJ, Saliba moved to remand, asking the OALJ to compel OSHA to (1) vacate its August 2025 determination, (2) issue a new letter of investigation to American Airlines, and (3) assign a new investigator. (Doc. 25-3 at 2–3.)

Saliba's central grievance before the OALJ was that OSHA "omitted a critical allegation in his complaint"—that American Airlines interfered with his Federal Aviation Administration ("FAA") medical certification and coerced him to perform flight duty under threat of disciplinary action—from the notice it sent American Airlines, and that he was

therefore denied his right to a proper investigation. (*Id.* at 2; Doc. 1 at ¶ 5.)

The OALJ denied Saliba's motion to remand, explaining that the AIR-21 regulations do not permit an ALJ to return a complaint to OSHA, and that the proper course was a de novo hearing before an ALJ. (Doc. 25 at 2.) Dissatisfied with this explanation, Saliba filed an interlocutory appeal to the Review Board. (*See* Doc. 25-4.) On December 30, 2025, the Review Board denied his interlocutory appeal, again explaining that a de novo hearing—not remand—is the appropriate course when a complainant alleges errors in OSHA's handling of a complaint. (*Id.* at 7–8.) Saliba's administrative case remains pending before the OALJ. (*See* Doc. 25-6.)

Meanwhile, on September 5, 2025, Saliba filed the petition for writ of mandamus now before me. (Doc. 1.) He seeks the same relief he sought before the OALJ and Review Board: an order compelling OSHA to vacate its determination that his complaint lacks merit; to send a new letter of investigation to American Airlines containing all his allegations; and to reinvestigate his complaint with a new investigator. (*Id.* at ¶¶ 9–10.) OSHA moved to dismiss, arguing that appeal of the Department of Labor's final orders lies exclusively in the Ninth Circuit, and that the federal mandamus statute supplies no independent basis for jurisdiction. (*See generally* Doc. 25.)

## II. LEGAL STANDARD

A party may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). OSHA raises a factual attack. (Doc. 25 at 2–3.) When a defendant mounts a factual attack, the plaintiff "must support [his] jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context," *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted), and courts may weigh evidence beyond the complaint and resolve factual disputes without converting the motion into one for summary judgment, *Safe Air*

*for Everyone*, 373 F.3d at 1039. At the same time, I liberally construe the pleadings of pro se plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## III. DISCUSSION

Saliba invokes jurisdiction under the federal mandamus statute, 28 U.S.C. § 1361, which AIR-21 incorporates for the enforcement of "[a]ny nondiscretionary duty imposed by" the statute, 49 U.S.C. § 42121(c). (Doc. 1 at ¶¶ 20–29; Doc. 26 at 1.) But because Saliba has an adequate alternative remedy, I lack mandamus jurisdiction. Furthermore, to the extent his complaint is liberally construed as a petition for review of a final agency action, no final order exists to review, and in any event jurisdiction over any such petition lies exclusively in the court of appeals.

### A. Mandamus Jurisdiction

Mandamus is "an extraordinary remedy and is available to compel a federal [agency] to perform a duty only if: (1) the individual's claim is clear and certain; (2) the [agency's] duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997); *Agua Caliente Tribe of Cupeño Indians of the Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Saliba v. Fed. Aviation Adm'r*, 2025 WL 1504887, at *3 (D. Ariz. May 27, 2025) (quotation marks omitted). Even when all three elements are met, the district court retains discretion to deny relief. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003).

I need not decide whether Saliba's claim is "clear and certain," or whether the duty he alleges OSHA failed to perform is nondiscretionary and ministerial, because he cannot satisfy the third requirement for mandamus jurisdiction: that no other adequate remedy is available. A party "is not entitled . . . to a writ of mandamus unless that party has exhausted its administrative remedies." *H. Babaali, M.D. Med. Inc. v. Azar*, 798 F. App'x 56, 57 (9th Cir. 2019); *accord Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (holding that a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other

avenues of relief").

Saliba has not exhausted his administrative remedies. If Saliba believes OSHA failed to consider or convey one of his allegations, he may present that allegation—and any evidence supporting it—at a de novo hearing before an ALJ, who will decide the merits without deference to OSHA's investigation. 49 U.S.C. § 42121(b)(2)(A); 29 C.F.R. §§ 1979.107(b), 1979.109(a). If dissatisfied with the ALJ's decision, he may seek review before the Review Board, 29 C.F.R. § 1979.110(a), and ultimately with the Ninth Circuit, 49 U.S.C. § 42121(b)(4)(A). Saliba has already invoked this process; his case is pending before the OALJ, awaiting the very hearing that AIR-21 guarantees him. Both the OALJ and the Review Board explained that the ALJ will consider his assertion that OSHA omitted a critical allegation in its notice to American Airlines and will address the merits of his complaint de novo, (Doc. 25-3 at 1–2; Doc. 25-4 at 7–8), meaning that he will be able to take discovery, present evidence, and fully argue all of the allegations set forth in his complaint. In short, the administrative review process in which Saliba is presently engaged is an adequate remedy, and its availability forecloses mandamus relief.

Saliba's arguments to the contrary are unavailing. As an initial matter, *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) does not aid Saliba. (Doc. 26 at 2–3.) *Loper Bright* governs how a court reviews an agency's interpretation of a statute; it does not confer mandamus jurisdiction or excuse a petitioner from exhausting the remedies Congress provided. Saliba's remaining arguments appear to be that the review process outlined in AIR-21 is not an adequate remedy for the injury he complains of—that OSHA failed to include all his allegations when it notified American Airlines of his complaint. But the administrative review process provided by AIR-21 is the procedure Congress selected and, more importantly, it is the quintessential "alternative adequate remedy" because he may argue and present evidence on any topic set forth in his complaint at the de novo hearing. Saliba cannot circumvent the administrative review process dictated by Congress through a writ of mandamus. *See Agua Caliente*, 932 F.3d at 1216 (holding that failure to exhaust administrative remedies forecloses mandamus relief); *see also Babaali*,

798 F. App'x at 57 (same).

### B. Appeal of a Final Agency Action

Saliba's complaint and his opposition make clear that he brings a mandamus petition, not a petition for review of a final agency action. (Doc. 1 at ¶ 25; Doc. 26 at 1.) Nonetheless, to the extent his requested relief can be liberally construed as a petition for review of a final agency action, I lack jurisdiction to review such a claim. As an initial matter, Saliba's administrative case remains pending before the OALJ, so no final order yet exists to review. (*See* Doc. 25-6.) Even if a final order existed, AIR-21 vests review of the Secretary of Labor's final orders exclusively in the court of appeals. 49 U.S.C. § 42121(b)(4)(A); *see Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1024 (9th Cir. 2007) (recognizing that Congress "provided exclusive judicial review of the Secretary's order in the courts of appeal"). To obtain the review of a federal court, Saliba must exhaust his administrative remedies and appeal to the Ninth Circuit, not this court.

## IV. CONCLUSION

I lack jurisdiction over Saliba's mandamus petition because he has an adequate alternative remedy through AIR-21's administrative scheme, and, to the extent he seeks review of an agency decision, no final order exists to review, and jurisdiction over any such review lies exclusively in the Court of Appeals for the Ninth Circuit. Because these defects are jurisdictional and cannot be overcome by the allegation of additional facts, leave to amend would be futile.

Accordingly,

**IT IS ORDERED** granting OSHA's Motion to Dismiss (Doc. 25) without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 10th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge